UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | **CRIMINAL NO. 18-cr-** |
| **NOE PEREZ** | § | |

**INFORMATION**

**18 CR 238**

The United States Attorney charges that:

### COUNT 1
**Conspiracy to Commit Bribery Concerning Programs Receiving Federal Funds**
**18 U.S.C. §371 and §666**

**A. INTRODUCTION**

At all times material herein:

1. Defendant is a Texas licensed attorney who practices both civil and criminal law.

2. Defendant's coconspirator, Rodolfo "Rudy" Delgado (hereinafter "Judge Delgado"), served as a district judge for the 93rd District Court of Texas, based in the town of Edinburg in Hidalgo County, Texas. Judge Delgado's responsibilities as a district judge include presiding over civil and criminal matters of Texas state law in the 93rd Judicial District and in other judicial districts of Texas by assignment.

3. The Texas Constitution creates judicial districts and decrees that there shall be at least one judge in each district. The district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies" in Texas except those designated to other courts. As a judge for the 93rd Judicial District, Delgado was an agent of the State of Texas and Texas Judiciary.

4. At all times material to this Information, the State of Texas and the Texas Judiciary received benefits in excess of $10,000 per year under Federal programs involving grants, contracts, subsidies,

loans, guarantees, insurance, and other forms of federal assistance.

## B. THE CONSPIRACY AND ITS OBJECTS

From in or about January 2008 and continuing at least until in or about November 2016, in the Southern District of Texas and elsewhere, defendant

**NOE PEREZ**

did knowingly and willfully combine, conspire, confederate and agree with Judge Delgado to commit offenses against the United States, including bribery concerning programs receiving federal funds, that is, to corruptly give, offer and agree to give things of value to Judge Delgado, an agent of the state of Texas, a government that received federal benefits in excess of $10,000 during each relevant one-year period, with the intent of influencing and rewarding Judge Delgado in connection with a transaction and series of transactions valued at $5,000 or more, that is the criminal matters of defendants represented by defendant NOE PEREZ in violation of 18 U.S.C. §371 and §666.

## C. THE MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

1. Defendant is a Texas attorney who regularly practiced before Judge Delgado.

2. During the course of the conspiracy, Judge Delgado would solicit money or other items of value from Defendant.

3. During the course of the conspiracy, Defendant paid Judge Delgado with money or other items of value in exchange for favorable judicial consideration. On some occasions, Defendant would pay Judge Delgado a bribe after being solicited to do so. On other occasions, Defendant would pay Judge Delgado a bribe on his own initiative.

4. Defendant and Judge Delgado used the telephone to contact each other to set up meetings where a bribe could occur. The communications between Perez and Judge Delgado were *ex parte*

communications that did not involve opposing counsel. These meetings occurred outside and away from the courthouse.

5. Defendant and Judge Delgado would engage in fake transactions that were actually conduits for the bribe payment.

6. The favorable judicial consideration provided by Judge Delgado included, but was not limited to, the dismissal of charges, the dismissal of cases, release from prison, reinstatement to community supervision, and personal recognizance bonds valued at $5,000 apiece in lieu of incarceration.

### D. OVERT ACTS

In furtherance of the conspiracy, and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Texas.

1. During the course of the conspiracy, in or about November 2008, Judge Delgado appropriated a truck, valued at approximately $15,000 from Defendant. Defendant acquiesced in Judge Delgado's taking of the truck in exchange for favorable consideration on a case involving an individual with the initials E.M. that was pending on Judge Delgado's docket. In exchange for the truck, Judge Delgado provided favorable judicial consideration for Defendant's client.

2. On at least twenty occasions, Defendant also paid Judge Delgado cash, usually between $250 and $350 each time, in exchange for Judge Delgado taking specific official judicial action in favor of one of Defendant's clients, who had a matter pending before Judge Delgado.

3. Defendant represented an individual with the initial R.S. Defendant paid Judge Delgado a bribe in exchange for favorable judicial consideration. Judge Delgado accepted the bribe and provided favorable judicial consideration.

4. Defendant represented an individual with the initial S.G. Defendant paid Judge Delgado a

3

bribe in exchange for favorable judicial consideration. Judge Delgado accepted the bribe and provided favorable judicial consideration.

5. Defendant represented an individual with the initial J.R. Defendant paid Judge Delgado a bribe in exchange for favorable judicial consideration. Judge Delgado accepted the bribe and provided favorable judicial consideration.

7. Defendant represented an individual with the initial S.M. Defendant paid Judge Delgado a bribe in exchange for favorable judicial consideration. Judge Delgado accepted the bribe and provided favorable judicial consideration.

8. Defendant represented an individual with the initial M.N. Defendant paid Judge Delgado a bribe in exchange for favorable judicial consideration. Judge Delgado accepted the bribe and provided favorable judicial consideration.

All in violation of 18 U.S.C. §371 and §666.

RYAN K. PATRICK
United States Attorney

*/s/ Julie N. Searle*
Julie N. Searle
Assistant United States Attorney
Robert Guerra
Assistant United States Attorney
Southern District of Texas

ANNALOU TIROL
Acting Chief
Public Integrity Section, Department of Justice

/s/
Peter M. Nothstein
Trial Attorney
Public Integrity Section, Criminal Division

4