# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 18-CR-** 238 |
| | § | |
| **NOE PEREZ,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Julie N. Searle and Robert Guerra, Assistant United States Attorneys, and AnnaLou Tirol, Acting Chief of the Public Integrity Section of the Criminal Division, and Peter Nothstein, Trial Attorney, and the defendant, Noe Perez ("Defendant"), and Defendant's counsel, Guy Womack, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Count 1 of the Information.  Count 1 charges Defendant with conspiracy to commit bribery concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 371.  Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.   The **statutory** maximum penalty for each violation of Title 371, United States Code, Section 371, is imprisonment of not more than five years and a fine of not more than $250,000.00.  Additionally, Defendant may receive a term of supervised release after imprisonment of up to three

years.   *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

2

## Cooperation

5.   The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines.   Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas.   Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines.   Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in this agreement.   Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.   Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to the facts agreed to in this plea agreement.   Defendant understands that such information includes both state and federal offenses arising therefrom.   In that regard:

(a)      Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas, the Public Integrity Section of the Criminal Division, and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)      Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.   Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)      Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

3

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

### Waiver of Appeal and Collateral Review

7.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and

4

is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10.   The United States agrees that:

If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

**Agreement Binding - Southern District of Texas and Public Integrity Section Only**

11.   The United States Attorney's Office for the Southern District of Texas, and the Public Integrity Section of the Criminal Division, agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the information.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Public Integrity Section of the Criminal Division, and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas and the Public Integrity Section of the Criminal Division will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

12.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)      to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)      to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

6

**Sentence Determination**

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**Rights at Trial**

14.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

     (a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

     (b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear

7

voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the information.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following facts, among others would be offered to establish Defendant's guilt:

From in or about January 2008, and continuing at least until in or about November 2016, Defendant, Noe Perez, a Texas licensed attorney, knowingly conspired with Judge Rodolfo "Rudy" Delgado, the Texas District Judge for the 93rd District Court of Texas, to pay Judge Delgado bribes in exchange for favorable judicial consideration on cases Perez had pending on Delgado's docket.   Perez knew that the purpose of his agreement with Delgado was unlawful. Perez joined the conspiracy willfully and committed multiple acts in furtherance of the conspiracy.

The Texas Constitution creates judicial districts and decrees that there shall be at least one judge in each district.   The district courts have "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies" in Texas except those designated to other courts.   As a judge for the 93rd Judicial District, Delgado was an agent of the State of Texas and Texas Judiciary.   The 93rd District Court of Texas is located within and covers an area that is within the Southern District of Texas.   At all times material to this Information, the State of Texas and the Texas Judiciary received benefits in excess of $10,000 per year under Federal programs involving

grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance.

During the course of the conspiracy, Perez paid Delgado with money and other items of value in exchange for favorable judicial consideration.   On some occasions, Perez would pay Delgado a bribe after being solicited by Judge Delgado to do so.   On other occasions, Perez would pay Delgado a bribe on his own initiative.   During the course of the conspiracy, Perez paid Delgado bribes in exchange for favorable judicial consideration on specific cases he had pending on Judge Delgado's docket at least twenty times.

On one occasion in 2008, Judge Delgado appropriated a truck, valued at approximately $15,000 from Perez, and Perez acquiesced in Judge Delgado's taking of the truck in exchange for favorable consideration on a case involving an individual with the initials E.M. that was pending on Judge Delgado's docket.   In exchange for the truck, Judge Delgado provided favorable judicial consideration for Perez's client.

Perez and Judge Delgado also used the telephone to contact each other to set up meetings where a bribe could occur.   Perez and Delgado used coded language to set up meetings to discuss what case Perez was requesting favorable judicial consideration on and where the bribe payment could take place.   The communications between Perez and Judge Delgado were *ex parte* communications that did not involve opposing counsel.   The bribe meetings also occurred outside and away from the courthouse.

Perez and Delgado would engage in fake transactions that were actually conduits for the bribe payments.   These fake transactions included purchasing firewood and purchasing hay.   On other occasions, Delgado would ask Perez to bring a case of beer to his home.   Regardless of whether the transaction was purchasing wood, hay, or bringing beer, it would be accompanied with

a bribe payment in exchange for judicial consideration on a specific case.   During the meetings, Perez and Delgado would discuss the specific case Perez wanted favorable judicial consideration on and Perez would pay Delgado a bribe.   The amounts of the bribes varied, but were typically between $250 and $350 in cash.

Perez represented multiple individuals who had cases pending in Judge Delgado's court. Some of these individuals include, but are not limited to, the following: R.S., S.G., J.R., S.M., G.R., and M.N.   In each of these instances, Perez agreed to and paid Delgado a bribe, ranging between $250 and $350 for each case, in exchange for favorable judicial consideration.   The favorable judicial consideration included, but was not limited to, dismissal of charges, dismissal of cases, release from prison, reinstatement to community supervision, and the placement of individuals on a personal recognizance bond valued at $5,000.00 in lieu of incarceration.

**Breach of Plea Agreement**

16.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

17.   In the event of such a breach:   (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea;

(c) the defendant  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

18.     The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.   The defendant knowingly and voluntarily waives the rights arising under these rules.

19.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.   The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

20.     Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement.   The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses.

The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement. In the event of such a breach, however, the defendant will not be permitted to withdraw this guilty plea.

### Restitution, Forfeiture, and Fines – Generally

21. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

22. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

23. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents

12

necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

24.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

25.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

26.   Defendant stipulates and agrees that the property listed in any supplemental Notices is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

27.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

28.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

29.   Subject to the provisions above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

13

**Fines**

30.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any.   Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

31.   This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

32.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____, 2018.

_____
Defendant

Subscribed and sworn to before me on _____, 2018.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

14

By: _____

Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____          _____

Julie N. Searle                                Guy Womack
Robert Guerra                                  Attorney for Defendant
Assistant United States Attorney
Southern District of Texas

AnnaLou Tirol
Acting Chief
Public Integrity Section, Criminal Division

By: _____

Peter Nothstein
Trial Attorney
Public Integrity Section, Criminal Division

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 18-CR-** |
| | § | |
| **NOE PEREZ,** | § | |
|        **Defendant.** | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

5-11-18
_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____
Defendant

5-11-18
_____
Date

16